IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01227-BNB

THERESA L. DOWLING

    Plaintiff,

v.

DISTRICT OF COLORADO CLERKS OFFICE,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Theresa L. Dowling, filed *pro se* a Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff was granted leave to proceed pursuant to § 1915.  The Court must construe Ms. Dowling's filings liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

    Ms. Dowling has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss any of Ms. Dowling's claims that are frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to § 1915(e)(2)(B)(i).

In the complaint, Ms. Dowling asserts claims for violations of the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.* As background for her claims, Ms. Dowling alleges the following:

> Plaintiff has more than $5000.00 in Apple computer and software products. The Apple computer products were blamed for her computer problems, however she also has access to a Dell and an LT P and has problems on these, too. Plaintiff has been charged for many 'free documents'. Plaintiff can no longer pay and is missing 5 months of 'free documents' she must pay for, and cannot. She may risk losing 4 cases because of this.

Complaint at 2. Ms. Dowling alleges that Apple computers are not compatible with PACER, the electronic document viewing system used by the Court. Ms. Dowling seeks damages and injunctive relief.

Ms. Dowling does not identify which section of the Sherman Antitrust Act is relevant to her claims. To the extent Ms. Dowling attempts to assert a claim under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, this claim must fail. Section 1 provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." A conspiracy may consist of "any mutual agreement or arrangement, knowingly made, between two or more competititors." *Law v. Nat'l Collegiate Athletic Ass'n*, 185 F.R.D. 324, 336, n. 19 (D. Kan. 1999). Ms. Dowling has not alleged any contract, combination or conspiracy between two or more competitors. The complaint does not set out an alleged agreement or identify the parties to it. Moreover, Section 1 of the Sherman Act does not reach conduct that is unilateral. *See Copperweld Corp. v. Ind. Tube Corp.*, 467

U.S. 752, 775 (1984).  Therefore, Ms. Dowling does not state a claim for relief under Section 1 of the Sherman Act.

To the extent Ms. Dowling asserts a claim for conspiracy to monopolize under Section 2, she must plead and prove (1) a combination or conspiracy to monopolize; (2) overt acts done in furtherance of the combination or conspiracy; (3) an effect upon an appreciable amount of interstate commerce; and (4) a specific intent to monopolize. *See Multistate Legal Studies, Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Publ'ns*, 63 F.3d 1540, 1556 (10th Cir. 1995).  Again, Ms. Dowling has not alleged or identified any combination or conspirators.  Therefore, she does not state a claim for relief under Section 2 of the Sherman Act.

Finally, to the extent Ms. Dowling asserts a claim for unilateral monopolization, she must plead and prove (1) possession of a monopoly power in a relevant market, and (2) willful acquisition or of maintenance of such power.  *See Full Draw Prods. v. Easton Sports, Inc.*, 182 F.3d 745, 756 (10th Cir. 1999).  Ms. Dowling has not demonstrated that these elements exist.  Her vague and conclusory allegations are insufficient to state a claim for unilateral monopolization.

Ms. Dowling fails to assert in her complaint facts that would support an arguable claim under the Sherman Act.  Therefore, this action will be dismissed as legally frivolous.  *See Neitzke*, 490 U.S. at 324.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal she also must pay the full $455

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  8th  day of      June      , 2012.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court